**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) No. |
| MINNESOTA SURETY AND TRUST COMPANY and MIKE ROTHMAN, Commissioner of the Minnesota Department of Commerce, in his capacity as Liquidator of Minnesota Surety and Trust Company, | ) ) ) ) ) ) |
| Defendant. | ) ) ) |

## UNITED STATES' COMPLAINT

As and for its Complaint pursuant to 28 U.S.C. §§ 2201(a) and 2202 against Minnesota Surety and Trust Company ("MS&T") and Mike Rothman, as Commissioner of the Minnesota Department of Commerce, in his capacity as Liquidator of MS&T ("Liquidator"), plaintiff, the United States of America, on behalf of John F. Kelly, in his official capacity as Secretary of the United States Department of Homeland Security ("DHS"), alleges as follows with respect to the Liquidator's May 16, 2017 denial of DHS's claim for payment of $483,735.25 on 62 breached immigration bonds (each, a "Bond") for which MS&T served as surety and obligor.

The United States seeks a declaratory judgment on a discrete issue of federal law with nationwide application: A surety's liability as obligor on a Bond, which is promulgated by federal regulation and to which federal law applies, attaches when the Bond is approved and accepted by DHS, and does not remain contingent until DHS declares the Bond breached. The Liquidator's determination that MS&T's liability was contingent until DHS declared the 62 Bonds breached resulted in a complete denial of DHS's claim and is contrary to federal law.

1

The United States asks that the Court declare that, under federal law, MS&T's liability as obligor on the Bonds attached at execution, a legal determination that the Liquidator must then honor.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1345 because an officer of the United States "expressly authorized to sue by Act of Congress" has commenced it and because the claim arises under federal law, 28 U.S.C. § 1331, as the Bonds are federal contracts and were issued under regulations and on immigration bond forms promulgated by DHS pursuant to 8 U.S.C. § 1103(a)(3).

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because MS&T and the Liquidator operate, conduct, engage in and/or carry on a business or business venture in Minnesota and because a substantial part of the events or omissions giving rise to the United States' claims took place in the Minnesota.

## PARTIES

3. The United States of America is the Plaintiff. DHS is an agency of the United States government.

4. Defendant MS&T is a Minnesota domiciled and licensed insurance company that is currently being liquidated in proceedings in the Minnesota District Court, County of Ramsey, Second Judicial District, as Case No. 62-CV-11-9400.

5. Pursuant to an order in the state court action described in the preceding paragraph, Mike Rothman, as Commissioner of the Minnesota Department of Commerce, has been appointed as Liquidator of MS&T.

## STATUTORY AND REGULATORY BACKGROUND

6. The Secretary of DHS is charged with the administration and enforcement of United States laws relating to the immigration and naturalization of aliens, including establishing regulations, prescribing the form of Bonds and performing other acts as necessary for carrying out his statutorily prescribed authority. 8 U.S.C. § 1103(a).

7. DHS is the agency of the United States government charged with discretionary authority over the national management of the detention and removal of illegal aliens.

8. U.S. Immigration and Customs Enforcement ("ICE"), a component of DHS, has the responsibility of apprehending and detaining inadmissible and deportable aliens and removing aliens ordered removed. 8 C.F.R. Part 236.

9. An alien detained by ICE who is not a threat to the public may be released from custody during removal proceedings pursuant to a custody determination in accordance with 8 C.F.R. § 236.1(c).

10. As a condition for his/her release from custody during his/her removal proceeding, an alien may be required to post an immigration bond.

11. An alien may post an immigration (cash) bond by having an obligor make a cash deposit with the Department of the Treasury ("Treasury") for the face amount of the bond or an immigration (surety) bond by having a surety underwrite and become liable as obligor for the face amount of the bond.

12. All surety bonds posted in immigration cases must be executed on Form I–352. 8 C.F.R. § 103.6(a).

13. A true copy of Form I–352 is attached as Exhibit (Ex.) A.

14. An acceptable surety on a Form I-352 immigration bond is a company holding a

certificate from Treasury.  8 C.F.R. § 103.6(b).

15. Form I-352 states:

> An acceptable surety company or an entity or individual who deposits United States bonds, notes, or cash may execute the bond as surety. The surety is the obligor; the bonded alien is the principal; and DHS is the beneficiary of all bonds it authorizes. The obligor guarantees the performance of the conditions of the bond. The bond's guaranty is secured by the amount of the bond. An acceptable surety company is one that appears on the current Treasury Department Circular 570 as a company holding the requisite certificate of authority to act as a surety on Federal bonds.

Ex. A, at page 1.

16. Treasury is charged with certifying surety companies to underwrite surety bonds in favor of the United States government.  31 U.S.C. § 9304.  Treasury publishes the list of authorized companies each year in Treasury Circular 570, Companies Holding Certificates of Authority as Acceptable Sureties on Federal Bonds and as Acceptable Reinsuring Companies.  31 C.F.R. § 223.16.  Treasury revokes surety companies' certifications if it determines that they are insolvent or in violation of the requirements for maintaining their authorizations to issue bonds.  31 U.S.C. § 9305(d).

17. "Federal law shall apply to the interpretation of the bond" on Form I-352.  Ex. A, at page 2.

18. The terms of any bond on Form I-352 "shall be strictly construed."  Ex. A, at page 2.

19. A surety bond on Form I-352 is typically posted by an agent, and a surety, as obligor, guarantees the agent's and alien's performance of the conditions of the bond, and the guaranty is secured by the amount of the bond.

20. All of the Bonds on Form I-352 underwritten by MS&T as surety were delivery bonds. A delivery bond is similar to a bail bond and is conditioned upon the delivery of an alien in response to an appearance (demand) notice issued by ICE.  Ex. A, at page 4, ¶ G(1).

21.     Under Form I-352, the surety, as obligor, agreed to "cause the alien to be produced or to produce himself/herself . . . as specified in the appearance notice, upon each and every written request until exclusion/deportation/removal proceedings in his/her case are finally terminated." Ex. A, at page 4, ¶ G(1).

22.     By executing Form I-352, the surety "declare[s] [itself] bound in [the amount of the bond] as liquidated damages and not as penalty, which sum is to be paid to the United States immediately upon failure to comply with the terms set forth" in the bond. Ex. A, at page 3, ¶ C.

23.     The obligor is released from liability under Form I-352 when there has been "substantial performance" of all conditions imposed by the terms of the Bond. 8 C.F.R. § 103.6(c)(3).

24.     If the obligor fails to ensure that the alien complies with his/her obligations to the United States, an ICE Field Office Director determines that a "substantial violation" of the terms of the Bond has occurred and issues a Notice – Immigration Bond Breached (Form I-323) which is sent to the obligor. 8 C.F.R. § 103.6(e).

25.     A final determination that a bond on Form I-352 has been breached creates a claim in favor of the United States. 8 C.F.R. § 103.6(e).

26.     When the obligor fails to timely pay the amount due on the invoice, DHS is entitled to interest, penalties and handling charges assessed on the delinquent debt. 31 U.S.C. § 3717; Federal Claims Collection Standards ("FCCS"), 31 C.F.R. § 901.9; 6 C.F.R. §§ 11.1 & 11.10.

## FACTUAL BACKGROUND

### MS&T Breached 62 Bonds

27.     At issue in this suit are 62 Bonds written on Form I-352 for which MS&T is the surety and obligor.

28.     At the time the Bonds were executed, MS&T was certified by Treasury as an acceptable

surety.

29. DHS made a written demand for delivery of each alien whose delivery was guaranteed by one of these 62 Bonds.

30. In response to each of the demands described in the immediately preceding paragraph, the alien was not delivered to DHS.

31. ICE declared each of the 62 Bonds breached and sent notice of breach to MS&T, as surety and obligor, demanding payment of the face amount of the Bond.

32. Each of the declarations of breach of the Bonds occurred after December 23, 2011.

33. These 62 Bonds have an aggregate face amount totaling $467,900.

34. MS&T did not file an administrative appeal or motion for reconsideration of the breach determination for any of these 62 Bonds.

35. Neither MS&T nor its co-obligor has paid any amount to DHS for breaching these 62 Bonds.

## Minnesota Insurance Insolvency Proceedings

36. On November 22, 2011 ("Liquidation Order Date"), the Minnesota Superior Court declared MS&T insolvent, ordered its liquidation, and appointed MS&T's Liquidator.

37. The Liquidator appointed a Special Deputy Liquidator ("Special Deputy") to assist him.

38. On April 15, 2016, DHS submitted a claim in the MS&T insolvency proceedings for $483,735.25 ("Claim").

39. The Claim included the face amount of the Bonds ($467,900), as well as interest ($1,994.52), penalties ($11,330.73) and handling charges ($2,510) that had accrued as of April 11, 2016.

40. DHS submitted the Claim pursuant to Minn. Stat. § 60B.38.

41. DHS requested treatment of its Claim as a Class II loss claim under Minn. Stat. § 60B.44, Subdiv. 4.

42. The Special Deputy denied the Claim on November 29, 2016.

43. Explaining this denial, the Special Deputy cited Minn. Stat. § 60B.22, Subdiv. 1 and asserted that the Bonds were "insurance policies or similar contracts of coverage" that expired "30 days from the date of entry of the liquidation order."

44. The thirtieth day from the Liquidation Order Date was December 23, 2011.

45. By letter dated January 25, 2017, Ex. B, DHS, through the Department of Justice, requested reconsideration of the Special Deputy's denial of the Claim.

46. On May 17, 2017, without written opinion, the Liquidator affirmed his denial of the Claim.

47. Through his counsel, the Liquidator extended DHS's time to contest the denial of the Claim through June 16, 2017.

48. MS&T's liability as surety and obligor on each of the 62 Bonds attached on the date the Bond was executed.

49. Each of the Bonds was executed prior to the Liquidation Order Date.

50. Thus, each of the Bonds was executed prior to December 23, 2011.

51. Minn. Stat. § 60B.22 does not absolve MS&T for liability on the Bonds that arose prior to December 23, 2011.

52. Minn. Stat. § 60B.22 does not cancel the Bonds.

53. Alternatively, to the extent § 60B.22 terminated DHS's right to receive payment on the Claim, this termination should be treated as a repudiation of MS&T's promise to pay.

54. Repudiation of a promise to pay for a breach of any Bond is a breach of contract.

55. For the foregoing reasons, the Liquidator, acting through his Special Deputy, improperly denied the Claim.

## COUNT I:  DECLARATORY JUDGMENT

56. The foregoing paragraphs are incorporated herein by reference.

57. MS&T's liability on the 62 Bonds was fixed upon execution of the Bonds.

58. Each of the 62 Bonds was executed prior to the commencement of MS&T's liquidation.

59. DHS determined that MS&T breached each of the 62 Bonds and properly notified MS&T, as surety and obligor, of its payment obligation.

60. Minn. Stat. § 60B.22 did not cancel the Bonds or absolve MS&T of liability for breach.

61. The Court should issue a declaratory judgment that, under federal law, MS&T's liability on the Bonds attached when they were approved and accepted by DHS and, thus, the Liquidator erred in denying the United States' Claim.

## COUNT II:  DECLARATORY JUDGMENT

62. The foregoing paragraphs are incorporated herein by reference.

63. The Bonds are contracts between DHS and MS&T.

64. DHS determined that MS&T breached each of the 62 Bonds and properly notified MS&T of its payment obligation.

65. To the extent Minn. Stat. § 60B.22 terminated DHS's right to collect on the Bonds, that termination was a repudiation of MS&T's promise to pay and thus a breach of contract.

66. If the Court determines Minn. Stat. § 60B.22 terminated DHS's right to collect on the Bonds, the Court should issue a declaratory judgment that, under federal law, MS&T repudiated its promise to pay on the Bonds, DHS is entitled to breach of contract damages and, thus, the Liquidator erred in denying the United States' Claim.

## COUNT III: INJUNCTION

67. The foregoing paragraphs are incorporated herein by reference.

68. Under 28 U.S.C. § 2202, a declaratory judgment can be used as a predicate to further relief, including an injunction.

69. The Court should enjoin the Liquidator from asserting that MS&T's liability for the Bonds was canceled by Minn. Stat. § 60B.22 or, in the alternative, enjoin the Liquidator from asserting that DHS is not entitled to breach of contract damages for MS&T's repudiation of its promise to pay on the Bonds.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court grant it:

A. A declaratory judgment in favor of the United States under 28 U.S.C. § 2201 that:

1. Under federal law, MS&T's liability on the Bonds attached when they were approved and accepted by DHS and, thus, the Liquidator erred in denying the United States' Claim; or, in the alternative,

2. Under federal law, MS&T repudiated its promise to pay on the Bonds, DHS is entitled to breach of contract damages and, thus, the Liquidator erred in denying the United States' Claim.

B. An order under 28 U.S.C. § 2202 enjoining the Liquidator from asserting that MS&T's liability for the Bonds was canceled by Minn. Stat. § 60B.22 or, in the alternative, enjoin the Liquidator from asserting that DHS is not entitled to breach of contract damages for MS&T's repudiation of its promise to pay on the Bonds

C. Any other relief favoring the United States that this Court deems just and proper.

<div style="display:flex">
<div>

Dated: June 15, 2017

CHAD A. READLER
Acting Assistant Attorney General

GREGORY G. BROOKER
Acting United States Attorney

RUTH A. HARVEY
Director
Commercial Litigation Branch

LLOYD H. RANDOLPH
Assistant Director

</div>
<div>

Respectfully submitted,

/s/ Marc S. Sacks
MARC S. SACKS
SHARON C. WILLIAMS
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

/s/ Roylene A. Champeaux
ROYLENE A. CHAMPEAUX
Assistant United States Attorney
Attorney ID Number 154805
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Tel. (612) 664-5685
roylene.champeaux@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

</div>
</div>